12-5084-cv
*Fabrizio Pignoloni, In the Matter of E.G.P. and A.T.P. v. Luise Ann Gallagher*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of February, two thousand fourteen.

PRESENT:

     JOSÉ A. CABRANES,
     ROBERT D. SACK,
     GERARD E. LYNCH,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FABRIZIO PIGNOLONI,

     *Petitioner-Appellant*,

     -v.-                         No. 12-5084-cv

LUISE ANN GALLAGHER,

     *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | MICHAEL. BURGER (Barbara L. Burger and Nancy M. Green, *on the brief*), Burger & Green LLP, New York, NY. |
| **FOR RESPONDENT-APPELLEE:** | NEIL J. SALTZMAN, Bronx, NY. |

Appeal from the judgment, entered November 26, 2012, of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Petitioner Fabrizio Pignoloni ("Pignoloni " or "the father") brought this petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention"), as implemented in the United States by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601 *et seq.*, seeking an order directing Respondent Luise Gallagher ("Gallagher" or "the mother") to return their two minor sons, E.G.P. and A.T.P. (the "children"), to Italy. Pignoloni now appeals the order of the District Court denying his petition.

## BACKGROUND

The basic facts of the case are undisputed. Pignoloni is an Italian citizen and Gallagher is a United States citizen. They married in New York in 2005 and shortly thereafter moved to Italy. Their elder son, E.G.P., was born in New York, while their younger son, A.T.P., was born in Italy; both children, however, have lived nearly all their lives in Italy and are citizens of both Italy and the United States.

Pignoloni and Gallagher continued to live together in Italy until approximately September 2010, when they signed a separation agreement (the "2010 Separation Agreement"), which was "so-ordered" by an Italian court. Pignoloni thereafter moved out of the family apartment.

In April 2011, the parties signed a supplemental separation agreement (the "2011 Separation Agreement) which was then "so-ordered" by an Italian court. The agreement gave the parties joint custody of the children and imposed certain support obligations on Pignoloni. For example, Pignoloni agreed to pay monthly child support and spousal support, and to pay the rent on the apartment in which Gallagher and the children lived.

Of particular importance is Paragraph O of the 2011 Separation Agreement, on which the District Court heavily relied. It provides conditions under which Gallagher might be permitted to remove the children from Italy. That paragraph reads:

> (o) In case of non-payment of several monthly rent installments by Mr. Pignoloni resulting in lawsuits on behalf of the owners / or of non-bank-deposit for at least four months of the support for the children and for the wife and should the wife be unable, not having any type of income of her own, to support and maintain the children and herself, Mr. Pignoloni is *willing to authorize the wife to return with the children to the United States* to her family's home provided that the wife proves that she has found a job of her own.

Joint App'x 905 (emphasis added).

On April 24, 2012, Gallagher traveled to New York with the two children. At the end of June 2012, Gallagher notified Pignoloni that she was remaining in the United States with the children.

On July 3, 2012, Pignoloni filed his petition under the Hague Convention and on August 23, 24, and 27, 2012, the District Court held a three-day bench trial. Among other factual findings, the District Court found that Pignoloni had failed to meet his monthly spousal and child support and rent obligations, and that Gallagher was unable to support herself in Italy.

The District Court denied the petition on two separate bases. *First*, it found that the removal of the children from Italy and their retention in the United States was not wrongful, because all of the conditions set forth in Paragraph O of the 2011 Separation Agreement had been met, giving Gallagher the right to change the children's habitual residence to the United States. *Second*, it found Pignoloni had given his prior consent in Paragraph O to the children's removal and retention, and therefore Gallagher had a valid affirmative defense under Article 13(a) of the Hague Convention.

On November 22, 2012—after the trial, but only two days before the District Court issued its decision—an Italian court modified the 2011 Separation Agreement and granted sole custody to Pignoloni. There is now a pending motion before this Court to supplement the record with this Italian court decision. Pignoloni also asks the Court to take judicial notice of the facts within that decision.

### DISCUSSION

The District Court's interpretation of the Convention and its application of the Convention to the facts are reviewed *de novo*. *Mota v. Castillo*, 692 F.3d 108, 111 (2d Cir. 2012). Its interpretations of foreign law are also reviewed *de novo*. *Ozaltin v. Ozaltin*, 708 F.3d 355, 370 (2d Cir. 2013). The District Court's factual determinations are reviewed for clear error. *Gitter v. Gitter*, 396 F.3d 124, 129 (2d Cir. 2005).

Having reviewed the record and the parties' submissions, we adopt the factual findings of the District Court in their entirety, because they are "amply supported by the record, and there is nothing . . . leav[ing] us with 'the definite and firm conviction that a mistake has been committed.'" *Hofmann v. Sender*, 716 F.3d 282, 292 (2d Cir. 2013) (quoting *Mota*, 692 F.3d at 114).

### A. Motion to Supplement the Record

The District Court's ruling that Pignoloni failed to make out a *prima facie* case involves reliance on the 2011 Separation Agreement as a document establishing custody rights. However, at the time of the District Court's decision, that agreement had already been modified by an Italian court.

3

Pignoloni asks us to supplement the record on appeal and to take judicial notice of the facts within the Italian court order. Gallagher opposes the motion and argues that Pignoloni chose a U.S. forum when he filed his Hague Convention petition, and his subsequent forum shopping should not be rewarded. In addition, she argues it would be fundamentally unfair to recognize a foreign court decision of which she had no notice and in which she did not participate. Finally, Pignoloni's motion to supplement is itself untimely, and there is a pending motion to extend the time to supplement the record *nunc pro tunc*.

It is undisputed that Pignoloni did not bring the Italian court decision to the District Court's attention. Because the Italian court's decision presents complex issues of comity, it might normally be prudent to remand to the District Court for consideration of the Italian court decision. In this case, however, we need not decide this issue. As noted above, the District Court denied the petition on two separate bases: failure to make out a *prima facie* case and the affirmative defense of consent. Only the first basis relied on the 2011 Separation Agreement as establishing enforceable custody rights. As discussed further below, the holding as to consent was based on the 2011 Separation Agreement only to the extent it evidenced an agreement between the parents. The Italian court ruling, which altered the parents' custody rights prospectively, does not affect the analysis of their agreement in 2011.

Thus, even if we were to grant Pignoloni's motion to supplement the record with the Italian court decision, we would still affirm the District Court's decision as to consent. Accordingly, we deny Pignoloni's motion to supplement the record as moot.

### B. Affirmative Defense of Consent

Consent is an affirmative defense under the Convention. "Under this exception, a district court is not bound to return a wrongfully removed or retained child if the respondent demonstrates by a preponderance of the evidence that the petitioner 'had consented to or subsequently acquiesced in the removal or retention.'" *Mota*, 692 F.3d at 117 (quoting Hague Convention, art. 13(a)); *see also* 42 U.S.C. § 11603(e)(2)(B) (establishing the standard of review).

In its very thorough and well-reasoned opinion, the District Court found that Gallagher had proven by a preponderance of the evidence that Pignoloni consented to the children's removal. Specifically, it found that "Paragraph O constituted Petitioner's *ex ante* consent to Respondent's return to the United States, consent which is not rendered inoperable by Petitioner's *ex post* regret that he permitted Respondent to relocate his children to the United States under the terms of the court-ordered April 2011 Separation Agreement."

On appeal, Pignoloni challenges the District Court's contractual interpretation. He now argues that the words "is willing to authorize" cannot be read to mean that he, in fact, authorized Gallagher to remove the children. Rather, he claims, once the conditions in Paragraph O were met,

4

Gallagher was required to seek his authorization and the approval of the Italian court system in order to return to the United States. He further testified at trial that he thought Paragraph O was meaningless. This is unpersuasive. The District Court found that Paragraph O was a result of negotiations in which Gallagher accepted an 80% reduction in spousal support per month in exchange for this clause. It also credited Gallagher's testimony that she perceived the clause to be a safety net in the event of Pignoloni's failure to provide spousal and child support. The District Court's credibility determinations on these issues are not clearly erroneous. Furthermore, its interpretation of the 2011 Separation Agreement—based on Italian contract law and relying on Pignoloni's legal expert—were correct. For substantially the reasons stated by the District Court, we adopt its conclusions as to Paragraph O.

The Italian court decision does not change this conclusion. The District Court's holding that Paragraph O effected Pignoloni's *ex ante* consent applies whether or not Paragraph O could modify the actual, legally enforceable custody arrangement between the parties. That is so because, on a plain reading of the agreement, Pignoloni consented to Gallagher's removal of the children if certain conditions came to pass. The District Court determined that those conditions did indeed come to pass. That is sufficient to prove, by a preponderance of the evidence, that Pignoloni had consented. *See* Hague Convention, art. 13(a); 42 U.S.C. § 11603(e)(2)(B). Such a finding does not conflict with the Italian court decision.

Accordingly, we affirm the District Court's finding that Pignoloni consented to the children's removal and retention in Paragraph O of the 2011 Separation Agreement.

### CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set forth above, we **AFFIRM** the November 26, 2012, judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5